**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

**SUSANNAH OLSON,**

**Plaintiff,**

**v.** **Case 1:25-cv-01137-STA-cgc**

**FRANK BISIGNANO,**
**Commissioner of Social Security,**

**Defendant.**

---

**REPORT AND RECOMMENDATION ON**
**SECTION 405(g) REVIEW OF THE COMMISSIONER'S FINAL DECISION**
**DENYING APPLICATION FOR DISABILITY INSURANCE BENEFITS**

---

Plaintiff Susannah Olson filed this judicial action to obtain review of the Commissioner of Social Security's ("Commissioner") final decision denying her application for disability insurance benefits ("DIB") sought pursuant to Title II of the Social Security Act ("the Act"), 42 U.S.C. Section 404, *et seq*. This case has been referred to the United States Magistrate Judge for Report and Recommendation. (D.E. #10). For the reasons set forth herein, it is RECOMMENDED that the final decision of the Commissioner should be AFFIRMED.

## I. Procedural History[1]

On July 14, 2022, Plaintiff protectively filed her application for DIB under Title II of the Act. (Tr. at 131-32). Therein, she alleged disability beginning on June 30, 2022. (*Id.*) Her claim was denied initially on January 10, 2023 and upon reconsideration on June 6, 2023. (*Id*. at 82-83,

---

[1] The transcript of the administrative proceedings has been filed by the Commissioner, (*see* D.E. #9), and will be cited as (Tr. at [page number]).

88-89). Thereafter, Plaintiff filed a request for a hearing before an administrative law judge ("ALJ"). (*Id*. at 91-92).

On November 14, 2023, a telephonic hearing was held before the ALJ. (*Id*. at 36-56). On December 21, 2023, the ALJ issued an Unfavorable decision determining that Plaintiff was not disabled under Title II of the Act. (*Id*. at 7-21). Plaintiff appealed the ALJ's decision to the Appeals Council. (*Id*. at 125-26).

On April 30, 2025, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (*Id*. at 1-6), thereby making it the final decision of the Commissioner. Plaintiff then initiated the present action for judicial review pursuant to 42 U.S.C. Section 405(g) and requests that the Court conclude either that Plaintiff is entitled to DIB benefits under the Act or that the case should be remanded for further consideration.

## II. Commissioner's Determination of Disability

The Act defines disability as the inability to engage in substantial gainful activity. 42 U.S.C. § 423(d)(1). The claimant bears the ultimate burden of establishing an entitlement to benefits. *Born v. Secretary of Health & Human Services*, 923 F.2d 1168, 1174 (6th Cir.1990). The initial burden of going forward is on the claimant to show that she is disabled from engaging in her former employment; the burden of going forward then shifts to the Commissioner to demonstrate the existence of available employment compatible with the claimant's disability and background. *Id.*

The Commissioner conducts the following, five-step analysis to determine if an individual is disabled within the meaning of the Act:

> 1. An individual who is engaging in substantial gainful activity will not be found to be disabled regardless of medical findings.

> 2. An individual who does not have a severe impairment will not be found to be disabled.
>
> 3. A finding of disability will be made without consideration of vocational factors if an individual is not working and is suffering from a severe impairment which meets the duration requirement and which meets or equals a listed impairment in Appendix 1 to Subpart P of the regulations.
>
> 4. An individual who can perform work that he has done in the past will not be found to be disabled.
>
> 5. If an individual cannot perform his or her past work, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed.

*Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301 (6th Cir. 1988).

Before proceeding to Step Four of the sequential analysis, the ALJ must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 416.920(a)(4), 416.945. The RFC is a determination of the most an individual can still do despite the physical and/or mental limitations that she experiences in a work setting due to her impairment(s) and any symptoms resulting therefrom. 20 C.F.R. § 416.945(a)(1). As part of this review, the ALJ evaluates the intensity and persistence of symptoms to determine how they limit the capacity for work. 20 C.F.R. § 416.929(c). Further review is not necessary if it is determined that an individual is not disabled at any point in this sequential analysis. 20 C.F.R. § 416.920(a)(4).

Here, the ALJ determined as follows: (1) the claimant met the insured status requirements of the Act through December 31, 2026; (2) the claimant has not engaged in substantial gainful activity since the alleged disability onset date; (3) the claimant has the severe impairments of osteoarthritis, a disorder of the skeletal spine, obesity, carpal tunnel syndrome ("CTS"), hearing loss, and chronic liver disease; (4) the claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20

Code of Federal Regulations Part 404, Subpart P, Appendix 1; (5) the claimant has the residual functional capacity ("RFC") to perform light work except that she can frequently climb ramps and stairs, occasionally climb ladders, ropes, or scaffolds, can frequently stoop, crouch, kneel, crawl, and balance, can frequently reach overhead with bilateral upper extremities, and that her far acuity and depth perception are limited to occasional; (6) the claimant is capable of performing past relevant work as a legal secretary and paralegal; (7) the claimant has not been under a disability, as defined in the Act, from June 30, 2022 to the date of the ALJ decision. (*Id.*)

## III. Standard of Judicial Review

Pursuant to 42 U.S.C. § 405(g), a claimant may obtain judicial review of any final decision made by the Commissioner after a hearing to which she was a party. "The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.* The court's review is limited to determining whether or not there is substantial evidence to support the Commissioner's decision, 42 U.S.C. § 405(g); *Wyatt v. Secretary of Health & Human Services*, 974 F.2d 680, 683 (6th Cir.1992); *Cohen v. Secretary of Health & Human Srvs.*, 964 F.2d 524, 528 (6th Cir.1992), and whether the correct legal standards were applied, *Landsaw v. Secretary of Health & Human Servs.,* 803 F.2d 211, 213 (6th Cir.1986). This review may only be based upon "the reasons stated by the ALJ in the record." *Gibson v. Saul*, 548 F. Supp. 3d 659, 664 (N.D. Ohio 2021) (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)).

The Commissioner, not the court, is charged with the duty to weigh the evidence, to make credibility determinations and resolve material conflicts in the testimony, and to decide the case

accordingly. *See Crum v. Sullivan*, 921 F.2d 642, 644 (6th Cir. 1990); *Garner v. Heckler,* 745 F.2d 383, 387 (6th Cir. 1984). When substantial evidence supports the Commissioner's determination, it is conclusive, even if substantial evidence also supports the opposite conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

## IV. Issues Presented

### *A. Whether the RFC assessment properly considered the impairments found to be severe at Step Two*

Plaintiff has raised one sole issue on appeal – whether the ALJ erred in his consideration of her severe impairments of carpal tunnel syndrome and hearing loss when crafting her RFC. Plaintiff's argument is based on the premise that all severe impairments necessarily have limitations that must be addressed in the RFC.

Upon review, the ALJ discussed both Plaintiff's carpal tunnel syndrome and her hearing loss in his RFC assessment. With respect to carpal tunnel syndrome, the ALJ recounted the medical evidence in his findings. (Tr. at 15-16). Specifically, the consultative examiner, Dr. Paul J. Niner, III, M.D., diagnosed her with carpal tunnel syndrome in her right wrist but found that the digits of her hands flexed and extended normally for her age, that her grip strength was 5/5 bilaterally, that she had no evidence of sensory dysfunction, and that she was able to grasp and manipulate with her left and right hands. (Tr. at 16-17). With respect to her hearing loss, the ALJ notes that Plaintiff's audiologist noted that her hearing aid was "functioning excellent[ly]" despite her diagnosis of right, conductive hearing loss. (Tr. at 16).

Plaintiff has not specified any medical evidence of a limitation from either impairment that the ALJ did not properly consider, and it is her burden to do so before this Court may disturb the final decision of the Commissioner. *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir.

2008) (citation omitted). Additionally, the Court's review of the record shows that the ALJ's RFC determination is consistent with the evidence in the record as to both impairments. (*See* Tr. at 59, 61-64, 70, 72-73, 265, 285, 372-73). Finally, as to Plaintiff's broader argument that severe impairments necessarily present limitations in the RFC, the Sixth Circuit has held that "[a] claimant's severe impairment may or may not affect his or her functional capacity to do work. One does not necessarily establish the other." *Griffeth v. Comm'r of Soc. Sec.*, 217 F. App'x 425, 429 (6th Cir. 2007) (citation omitted). Accordingly, it is RECOMMENDED that the ALJ's RFC determination properly considered Plaintiff's severe impairments in creating her RFC and that his findings as to the RFC were supported by substantial evidence.

## V. Conclusion

Accordingly, for the reasons set forth herein, it is RECOMMENDED that the final decision of the Commissioner should be AFFIRMED.

**SIGNED** this 11th day of August, 2026.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF THE OPPORTUNITY TO RAISE OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**